# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

HANNAH ROSE WINCHESTER,

      Plaintiff,

v().                                      Case No. 6:23-cv-1027-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

      Defendant.

## **OPINION AND ORDER**[2]

### **I.  Status**

Hannah Rose Winchester ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his[3] claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of complex regional pain syndrome, amplified pain syndrome, depression, generalized anxiety, gastroparesis, gastroesophageal reflux

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), filed August 1, 2023; Reference Order (Doc. No. 17), entered August 7, 2023.

[3] Plaintiff is transgender, currently goes by the name "Jak," and uses male pronouns. Tr. at 37-38; Plaintiff's Amended Memorandum of Law (Doc. No. 24; "Pl.'s Mem."), filed September 11, 2023, at 1 n.1.

disease, irritable bowel syndrome, spastic colon, chronic constipation, post-traumatic stress disorder, gastritis, an ulcer, a hernia, bursitis in the right hip, and a bacterial overgrowth of the small intestine. Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed August 1, 2023, at 67-68, 82, 211.[4] Plaintiff protectively filed an application for SSI on April 15, 2018, alleging a disability onset date of June 1, 2015. Tr. at 198-202; see Tr. at 67, 82. Later, Plaintiff amended the alleged onset disability date to April 15, 2018. Tr. at 39, 324. The application was denied initially, Tr. at 66, 67-79, 98, 99-101, and upon reconsideration, Tr. at 80, 81-97, 105, 106-11.

On October 9, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff's mother and a vocational expert ("VE") testified (Plaintiff's counsel also appeared).[5] Tr. at 35-64. On October 30, 2019, the ALJ issued a decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 16-29.

Thereafter, Plaintiff sought review of the decision by the Appeals Council. See Tr. at 5-6 (Appeals Council exhibit list and order), 194-97 (request for review). On May 12, 2020, the Appeals Council denied Plaintiff's request for

---

[4] Some documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5] Plaintiff did not appear for the hearing because of "high levels of fear and anxiety about the process." Tr. at 335; see Tr. at 37. He was excused, and his mother attended on his behalf.

review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner.

Plaintiff appealed the final decision to this Court. See Complaint (Doc. No. 1), Case No. 6:20-cv-1225-DNF. On September 3, 2021, the Court entered an Opinion and Order reversing and remanding the matter for further administrative proceedings. Tr. at 994-1008; see Tr. at 992 (Judgment). The Appeals Council then remanded the matter to an ALJ consistent with the Court's Opinion and Order. Tr. at 1011. Another ALJ held a hearing on January 25, 2023,[6] taking testimony from Plaintiff (who remained represented by counsel) and a VE. Tr. at 916-43. On February 6, 2023, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 898-909. The Appeals Council declined to assume jurisdiction, making the ALJ's Decision the final decision of the Commissioner. On June 2, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises as issues: 1) "[w]hether the ALJ legally erred and failed to provide an adequate rationale when evaluating the persuasiveness or all of the medical opinions of record and in particular failed to recontact

---

[6] This hearing was held via telephone, with Plaintiff's consent, due to the COVID-19 pandemic. Tr. at 918, 1019-43, 1065-66.

treating neurologist Dr. Barr"; and 2) [w]hether the ALJ failed to determine the range of fluctuation of Plaintiff's symptoms when determining [the] residual functional capacity [('RFC')] pursuant to SSR 96-8p." Pl.'s Mem. at 16, 27 (some emphasis omitted). On November 6, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 28; "Def.'s Mem.") addressing the issues. Then, on November 20, 2023, Plaintiff's Memorandum of Law in Reply (Doc. No. 29; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national

---

[7] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 4 -

economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 900-09. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since April 15, 2018, the application date." Tr. at 900 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: seizure disorder, complex regional pain syndrome (CRPS), amplified pain syndrome, reflex sympathetic dystrophy, neuropathy, depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder (PTSD)." Tr. at 900 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 901 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

[Plaintiff can] perform light work as defined in 20 CFR [§] 416.967(b) except [he] can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can occasionally stoop and crouch; can never work at unprotected heights or with hazardous machinery; can never operate a motor vehicle; can perform simple

> tasks; can perform simple work-related decisions; can occasionally interact with coworkers; and can never interact with the public.

Tr. at 902 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 908 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("18 years old . . . on the date the application was filed"), education ("limited education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Small Parts Assembler," "Inspector Hand Packager," and "Laundry Folder," Tr. at 908-09 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . since April 15, 2018, the date the application was filed." Tr. at 909 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a

preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff challenges the ALJ's analysis of a number of medical source opinions: treating gastroenterologist Koraly Horvath, M.D.; non-examining state-agency physician Linda Galloway, M.D.[8]; and treating neurologist Carl

---

[8]   Plaintiff also briefly mentions the state agency psychologists' opinions as being inconsistent with that of Linda Riley, Ph.D., who was for a time Plaintiff's treating psychologist. Pl.'s Mem. at 23 (citing Tr. at 77, 91, 890). Plaintiff does not develop argument about these opinions.

Barr, D.O. See Pl.'s Mem. at 16, 16-27. According to Plaintiff, the ALJ failed to properly analyze the required factors of supportability and consistency when evaluating these opinions. Id. at 16-27; see Reply at 2-5. Plaintiff also challenges the ALJ's evaluation of his subjective complaints and alleged failure to determine the range of fluctuation in the complaints. Pl.'s Mem. at 27-30. Responding, Defendant argues as to the opinion evidence that the ALJ considered the required factors and made findings supported by substantial evidence. Def.'s Mem. at 7-17. As to the alleged disregarding of fluctuating symptoms, Defendant contends the ALJ properly considered the record as a whole. Id. at 17-18. The issues are addressed in turn.

### A. Medical Opinion Evidence

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the

"ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[9] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R.

---

[9] Plaintiff filed his application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

§ 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[10]

### 1. Dr. Horvath

Dr. Horvath treated Plaintiff for gastrointestinal issues on two occasions in 2018 prior to rendering the opinion at issue. Tr. at 758. On September 27, 2018, Dr. Horvath issued an opinion on Plaintiff's functioning for the timeframe of September 7, 2017 through the date of the opinion. Tr. at 758-61. Most relevant here, Dr. Horvath indicated that Plaintiff would need unscheduled restroom breaks one to two times per day, would be away from the work station for twenty minutes, and would have five minutes advance notice of the need for a break. Tr. at 759. Dr. Horvath also opined Plaintiff would be off task five percent of the day and absent from work about once per month. Tr. at 760.

---

[10] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

Otherwise, Dr. Horvath's opinion is relatively consistent with the ALJ's ultimately-assigned RFC.

The ALJ found regarding Dr. Horvath's opinion that it is "unpersuasive because it is inconsistent with and not supported by the objective medical evidence." Tr. at 906. The ALJ recognized that Plaintiff had been "hospitalized for abdominal pain and fecal impaction in October 2016," but found that "during the relevant time period" (April 15, 2018 through the date of the Decision), Plaintiff's "gastrointestinal condition has been managed with medication." Tr. at 906. The ALJ specifically found that Plaintiff "would not require restroom breaks beyond normal breaks in a workday." Tr. at 906.

The ALJ did not err in evaluating Dr. Horvath's opinion. The ALJ correctly observed that during the relevant time period, the condition has been well managed. See Tr. at 579 (note dated prior to relevant time period, June 22, 2017, stating the gastrointestinal issues "are better, actually resolved"), 762-65 (January 10, 2019 note indicating "relatively benign GI medications" in the past and starting MiraLax), Tr. at 1156 (November 20, 2019 note documenting denied abdominal pain and no changes in bowel habits), 1151 (January 6, 2020 note documenting denied abdominal pain and no changes in bowel habits). The record simply does not support Dr. Horvath's assigned limitations during the relevant time period.

### 2. Dr. Galloway

On January 11, 2019, Dr. Galloway reviewed the record and provided an opinion on physical functioning. Tr. at 92-93. Dr. Galloway noted Plaintiff alleged "stomach problems" but did not assign any limitations in relation to those problems (such as bathroom breaks, etc.). Tr. at 92-93. The ALJ found Dr. Galloway's opinion[11] to be "generally persuasive" because, together with the other non-examining opinions, it was:

> [C]onsistent with and supported by the objective medical evidence, which indicates that [Plaintiff] experiences some postural, mental, and social limitations due to his impairments. The objective medical evidence also supports some exertional limitations due to [Plaintiff's] reports of pain. However, [Plaintiff's] limitations would not preclude the performance of all competitive work activity. During the relevant period, [Plaintiff's] symptoms have been stable with treatment. . . . [Plaintiff] is cooperative with treating medical providers and his hearing demeanor was appropriate. Exam findings indicate that [Plaintiff] walks with a normal gait; and he has full strength in his extremities. Findings from the consultative exam with Dr. Pollock were unremarkable. These factors support the above [RFC] assessment.

Tr. at 906.

These findings are accurate and supported by substantial evidence. See, e.g., supra at Part IV.A.1; Tr. at 731-33 (unremarkable physical examination by

---

[11] The ALJ did not refer to Dr. Galloway by name, instead referring to Exhibit 4A, which contains Dr. Galloway's opinion. See Tr. at 906, 92-93.

Martha Pollock, M.D.). Plaintiff indicates that Dr. Galloway inaccurately stated when reviewing the file that "There is no indication that there is a medical opinion from any medical source." Pl.'s Mem. at 22 (quoting Tr. at 92). In fact, it appears Plaintiff is actually referring to a note written by the reviewing psychologist, not Dr. Galloway (it is confusing because the opinions share page 92 of the administrative transcript). See Tr. at 92. In any event, even if Dr. Galloway wrongly determined that Dr. Horvath's opinion was not of record at the time, the ALJ did not err because the ALJ herself recognized and discussed Dr. Horvath's opinion.

### 3. Dr. Barr

Dr. Barr's opinion was the subject of this Court's prior remand. See Tr. at 994-1008. On September 23, 2019, he opined on the effects of Plaintiff's CRPS from the period August 1, 2017 through the date of the opinion. Tr. at 891-94. There is no real dispute that, if accepted, the opinion would result in a finding of disability. The Court, in remanding the matter previously, explained that the ALJ failed to follow the relevant Social Security Ruling, 03-2p, 2003 WL 22399117, at *1 (Oct. 20, 2003), in analyzing Dr. Barr's opinions. See Tr. at 1005-08. On remand, the ALJ discussed Dr. Barr's opinion and SSR 03-2p in detail:

> As explained in SSR 03-2p, an opinion from a medical provider concerning the effects of CRPS [is] important in enabling the undersigned to draw conclusions about

>the severity of the impairment and [Plaintiff's RFC]. However, Dr. Barr's opinion is unpersuasive because it is inconsistent with and not supported by the objective medical evidence, including her own treatment notes. In August 2021, Dr. Barr found that [Plaintiff's] coordination was normal, his gait was normal, he had no joint tenderness, he had normal movement in his extremities without joint swelling, and his sensation was intact. These findings required Dr. Barr to consider both objective evidence and [Plaintiff's] subjective reports. The record contains similar unremarkable exam findings from the relevant period, such as the findings from the consultative exam. As noted in SSR 03-2p, it is characteristic of CRPS that the degree of pain reported is out of proportion to the severity of the injury sustained by the individual. Even with reports of pain, [Plaintiff] walks with a normal gait; and he has full strength in his extremities. [Plaintiff] has reported that he needs an assistive device to walk, but use of an assistive device is not documented in treatment notes. In addition, [Plaintiff] has not reported any significant difficulties with using his hands to his treatment providers. In general, the symptoms of [Plaintiff's] CRPS have been managed with medication and the level of treatment [Plaintiff] has sought for CRPS during the relevant period is not suggestive of an impairment that would preclude all work activity. [Plaintiff] experiences some limitations, but these limitations would not preclude the performance of all competitive work.

Tr. at 907-08 (citations omitted).

The ALJ's findings reflect adequate consideration of SSR 03-2p and are supported by substantial evidence. <u>See, e.g.</u>, Tr. at 1196-98 (Dr. Barr's August 27, 2021 note documenting report of relapse of CRPS four months ago with muscle spasms/myoclonic jerks once per week, but improved sleep, good results

with Tramadol, and an adjustment of dosage), 731-33 (consultative examination findings), 923 (Plaintiff's January 25, 2023 testimony that he currently takes only one prescription medication—Tramadol as needed); see also Tr. at 772-75 (January 23, 2019 note documenting reports of 2-7 episodes a week with aura but normal gait, posture, muscle bulk, tone and strength; trying a different medication).

Plaintiff argues the ALJ should have recontacted Dr. Barr. See Pl.'s Mem. at 25-26. "It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)); see Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 (11th Cir. 2015) (citing Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995) (per curiam)). This requires an ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." Henry, 802 F.3d at 1267 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). In the case of evaluating a claim with CRPS, if an ALJ "finds that the evidence is inadequate to determine whether the individual is disabled, he or she must first recontact the individual's treating or other medical source(s) to determine whether the additional information needed is readily available, in accordance with 20 CFR [§§] 404.1512 and 416.912." SSR 03-2P, at *4.

Here, the ALJ was not obligated to recontact Dr. Barr, because the ALJ did not find the evidence to be inadequate to make a determination. Rather, the

ALJ evaluated the evidence in relation to Dr. Barr's opinion and determined that the opinion was not supported by the evidence. The ALJ did not err. Even if there were error, to remand for failure to develop evidence, the record must contain "evidentiary gaps which result in unfairness or clear prejudice." Henry, 802 F.3d at 1267 (quoting Brown, 44 F.3d at 935). No such gaps exist here.

**B. Subjective Symptom Evaluation and Fluctuation of Symptoms**

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than

- 16 -

> medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink,

935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ summarized Plaintiff's and his mother's contentions about the effect of his impairments on his ability to work. Tr. at 903. The ALJ then detailed the medical evidence, Tr. at 904-05, before finding that Plaintiff's "medically determinable impairments could reasonably be expected to give rise to the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e D]ecision." Tr. at 905. The ALJ went on to list that "the objective medical evidence indicates that [Plaintiff's] symptoms have been stable with treatment"; "[m]ental status exams from the relevant time period have been unremarkable"; Plaintiff "has not been hospitalized for a mental impairment"; Plaintiff "is cooperative with treating medical providers and his hearing demeanor was appropriate"; "[e]xam findings indicate that [Plaintiff] walks with a normal gait"; Plaintiff "has full strength in his extremities"; and Plaintiff "experiences some limitations due to his severe impairments, but these limitations would not preclude the performance of all competitive work." Tr. at 905-06.

In arguing the ALJ erred in evaluating his subjective symptoms, Plaintiff does not challenge any of the ALJ's particular findings. Instead, Plaintiff contends the ALJ failed to take into account the fluctuation of his symptoms and relies on <u>Tavarez v. Commissioner of Social Security</u>, 638 F. App'x 841, 848 (11th Cir. 2016), <u>Schink v. Commissioner of Social Security</u>, 935 F.3d 1245, 1268 (11th Cir. 2019), and <u>Simon v. Commissioner, Social Security Administration</u>, 7 F.4th 1094, 1106 (11th Cir. 2021). <u>See</u> Pl.'s Mem. at 28-30.

The facts in <u>Tavarez</u>, <u>Schink</u>, and <u>Simon</u> differ from the facts here. First, they are all cases that analyze the pre-2017 Regulations, which required that a treating doctor's opinion be given controlling weight unless there was good cause to discount it. Here, those Regulations (giving controlling weight to certain medical opinions) do not apply. Second, as reflected above, the ALJ's Decision adequately explains her reasoning with respect to the medical opinions. Third, the ALJ did not fail to recognize the fluctuation in symptoms. Instead, the evidence in the file simply does not support the severity of the symptoms alleged during the relevant time period. The ALJ did not err.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 23, 2024.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record